UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CALLY GRECO,

                              Plaintiff,

    vs.                                              5:04-CV-141
                                                          (C.J. Scullin)

COMMISSIONER OF
SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES                                        OF COUNSEL

CALLY GRECO
Plaintiff pro se

GLENN T. SUDDABY                        WILLIAM H. PEASE
United States Attorney                        Asst. U.S. Attorney
Northern District of New York
Attorney for Defendant
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

GUSTAVE J. DI BIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

     This matter has been referred to the undersigned for Report and Recommendation by the Honorable Frederick J. Scullin, Jr., Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

     Although the complaint in this action is not completely clear, it appears that plaintiff is attempting to sue defendant for damages in conjunction with an error committed by the Social Security Administration in the calculation of plaintiff's benefits.

Plaintiff seeks substantial monetary damages.

Presently before the court is defendant's motion to dismiss this action for want of jurisdiction. (Dkt. No. 15). Plaintiff has responded in opposition to the motion. (Dkt. No. 16). For the following reasons, this court agrees that the complaint should be dismissed.

## DISCUSSION

**1.       Nature of this Action, Facts, and Procedural History**

Plaintiff originally brought this case as a *Bivens*[1] claim. In *Bivens*, the Supreme Court for the first time recognized an implied private cause of action for damages against federal officers who violate a citizen's **constitutional** rights. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001)(discussing the origin of *Bivens* claims). Because it was unclear whether this plaintiff was seeking only damages against the defendants or whether plaintiff was seeking review of a specific agency decision, and reading plaintiff's complaint liberally as raising all possible claims, on March 12, 2004, Chief Judge Scullin issued an order directing plaintiff to demonstrate that he exhausted his administrative remedies prior to bringing the action. (Dkt. No. 4).

Plaintiff responded to Judge Scullin's order by submitting another document. (Dkt. No. 5). This new document was entitled "Amended Complaint." Although not really an amended complaint, this document did note that plaintiff had sought review of his "claim" by an Administrative Law Judge (ALJ). The ALJ's decision was attached to plaintiff's

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

document. Based on the fact that it appeared that plaintiff brought his claim for "damages" before an ALJ, Judge Scullin interpreted this action as one brought under the Social Security Act, 42 U.S.C. § 405(g) as an action challenging the "final decision" of the Commissioner.

On May 4, 2004, Judge Scullin issued another order, allowing this case to go forward as an action under section 405(g). (Dkt. No. 8). The order further ordered the dismissal of defendants "General Counsel, Social Security Administration" and "Peggy Gillian, Manager, Travelers Insurance." *Id.* The order also substituted the Commissioner of Social Security as the only defendant in the action, ordered service of the original complaint on that defendant, and ordered that a copy of General Order 18 be served on all parties. It appeared from plaintiff's submission that he wished to pursue an action against the Workers Compensation Board. However, Judge Scullin stated in his order that this was not the proper action for a claim against Workers Compensation and told plaintiff that he would have to file a different action against that proposed defendant or the other defendants that were being dismissed from this action.[2]

General Order 18 governs the progress of Social Security cases under section 405(g) in the Northern District of New York. The order provides that after service of the complaint has been effected on defendant, the defendant shall have 100 days to file the

---

[2] Plaintiff did file an action against the New York State Workers' Compensation Board; Traveler's Insurance, Special Funds Conservation Unit; United States District Court, Northern District of New York; and the Commissioner of Social Security, 04-CV-662. A motion to dismiss is currently pending in that action. (Dkt. No. 22).

answer and administrative transcript in the case or 60 days to file a motion to dismiss. Defendant has now filed a motion to dismiss, arguing that the court is without jurisdiction to decide plaintiff's case under section 405(g) because plaintiff has not exhausted his administrative remedies.

**2.       Jurisdiction**

It is well-settled that federal courts are courts of ***limited jurisdiction***, and have only the powers authorized by Article III of the United States Constitution and by the statutes enacted by Congress pursuant to the Constitution. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)(citing *Marbury v. Madison*, 1 Cranch 137, 173-80 (1803)). The absence of subject matter jurisdiction is not waivable and cannot be conferred in any way by the parties themselves. *See Marcella v. Capitol Dist. Physicians Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001). It is clear from plaintiff's own submissions that he is not really sure upon what he bases this court's jurisdiction, however, the court may look beyond the characterization of the pro se plaintiff and look to the relief sought in order to determine whether the court has any basis to assert jurisdiction over plaintiff's claims.

A review of plaintiff's submissions shows that he is basically requesting compensatory and punitive relief from the Commissioner of Social Security because plaintiff was underpaid benefits for approximately five years due to an error in a Workers' Compensation set-off. Plaintiff concedes that the error was corrected and that he ***has***

***been paid his back benefits***.  The ALJ's decision echoes this fact.  However, plaintiff claims that as a result of this error he has been harmed in countless ways that simply paying him his back benefits will not redress.  Among other injuries, plaintiff claims that as a result of the underpayment, he lost educational opportunities, sustained a "complete loss of Workers' Compensation for life," lost his credit and credit rating, his personal property, his home, and his car. (Dkt. No. 16 at p.3).  Plaintiff also claims that as a result of this underpayment, he and his wife divorced, and plaintiff suffered a great deal of emotional trauma related to his children and his inability to provide for them. *Id.* at 3-4.  Therefore, he asks that substantial compensatory and punitive damages be assessed against this defendant.

Plaintiff has various purported bases for jurisdiction.  This case has been filed as one challenging a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).  Plaintiff originally labeled his action as containing claims for constitutional torts under *Bivens*, and plaintiff argues in his response that this basis for jurisdiction should be "re-explored."  Plaintiff has also requested that the court consider jurisdiction under 42 U.S.C. § 1983 and jurisdiction based on "discrimination against a disabled person."[3]  In plaintiff's related action (04-CV-662), plaintiff also attempted to allege jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 2671.  I will discuss each of

---

[3] This court assumes that plaintiff intends this to mean jurisdiction under the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*

5

these possibilities separately.

### A. Social Security Act

Since this case was filed as an action challenging the final decision of the Commissioner, I will begin with defendant's argument that jurisdiction does not lie because plaintiff has failed to exhaust his administrative remedies. 42 U.S.C. § 405(g) provides that the federal district court shall have jurisdiction over a final decision of the Commissioner made after a hearing to which he was a party. Section 405(h) provides that no findings of fact or decision of the Commissioner shall be reviewed except as provided by section 405(g) and that no action against the United States, the Commissioner of Social Security, or any employee of the Commissioner shall be brought under 28 U.S.C. § 1331 or § 1346 to recover on any claim arising under the Social Security Act. 42 U.S.C. § 405(h).

A claimant for Social Security benefits must appeal the decision of an ALJ to the Appeals Council in order to obtain judicial review of that decision. 20 C.F.R. § 404.900. A decision is not final for purposes of section 405(g) until the Appeals Council has denied review or made another decision in the case that becomes the "final decision" of the Commissioner. The regulations also provide for an "expedited review process". 20 C.F.R. §§ 404.900(6); 416.1423. This process allows a claimant to proceed to Federal Court prior to Appeals Council review if the claimant has no dispute with the facts, but is claiming that a part of the law is unconstitutional. However, there are procedures required

6

for the expedited review process to be available to a claimant. *See e.g.* 20 C.F.R. §§ 404.925 416.1425. A claimant must properly request this process. *Id.*

In this case, plaintiff brought his claim before an ALJ, the ALJ found that although plaintiff's Workers' Compensation offset was incorrectly applied, causing an underpayment of benefits, the underpayment had been corrected. Decision of ALJ John R. Tarrant, dated December 16, 2003 at p.2 (attached to Dkt. No. 16). ALJ Tarrant further stated that plaintiff "acknowledged that the underpayment has been corrected" but requested a hearing seeking "$ 800,000 in compensatory damages and $ 20,000,000 in punitive damages." *Id.* With respect to this request, ALJ Tarrant found that "[t]he claimant's claim for compensatory and punitive damages is beyond the authority of the Administrative Law Judge." *Id.* ALJ Tarrant concluded that compensatory and punitive damages could not be awarded.

It is clear to this court that this case is not about the underpayment of plaintiff's benefits. Plaintiff concedes that the underpayment has been corrected, but is now seeking damages for the "injuries" allegedly suffered by him ***due to the underpayment***. The ALJ found that he had no jurisdiction over such a claim. Plaintiff concedes that he did not appeal this decision to the Appeals Council, but states that he was told by the ALJ that the decision would be the same even if plaintiff appealed the decision.

In this case, plaintiff has not followed any established procedure for avoiding an appeal to the Appeals Council. Although plaintiff concedes that he has not exhausted his

7

administrative remedies, he argues that he should be excused from exhausting these remedies since his claim is "wholly collateral" to his claim for benefits. Plaintiff makes this argument based upon defendant's papers which raise this exception to the exhaustion requirement, but argue that plaintiff's claim is *not* wholly collateral to his claim for benefits.

In *Abbey v. Sullivan*, 978 F.2d 37, 44 (2d Cir. 1992), the Second Circuit stated that the criteria governing judicial waiver of the exhaustion requirement included whether the plaintiff's claim is collateral to the claim for benefits; whether exhaustion would be futile; and whether plaintiff would suffer irreparable harm if exhaustion were required. Although it could be argued that the claim is collateral because it is not related to the decision to recalculate plaintiff's benefits, it has been held that a claim almost identical to this plaintiff's claim is ***not collateral***. The Social Security Administration conceded that plaintiff's benefits had been miscalculated, corrected the situation, and gave plaintiff his benefits. No one is challenging that decision. Plaintiff now claims that he is entitled to damages based upon the error.

The question of whether a claim almost identical to this plaintiff's claim is "collateral" to a claim for benefits was discussed in *Marks v. United States Soc. Sec. Admin.*, 906 F. Supp. 1017, 1021 (E.D. Va. 1995), *aff'd in part, vacated in part on other*

*grounds*, 92 F.3d 1180 (4th Cir. 1996).[4]  In *Marks*, the plaintiffs attempted to sue for the damages that Brenda Marks's family suffered as the result of the agency's denial of benefits to Ms. Marks that was later reversed.  Ms. Marks obtained her back benefits, but she and the members of her family[5] claimed that the agency's error and the thirteen month delay in obtaining the benefits resulted in the foreclosure of Ms. Marks's property, and therefore, the family attempted to sue the agency for damages under section 405(g). *Id.* at 1019-20.  The court held that the claim for damages was not "collateral" to the claim for benefits because the plaintiffs were challenging a "specific" determination and not a "system-wide" policy that treated many similarly situated claimants differently. *Id.* at 1021.  The court found that a claim of the agency's negligent mishandling of the benefit determination in a particular case, leading to the family's financial loss and accompanying emotional distress was too specific a claim to be "collateral" to the claim for benefits. *Id.* The claim was not a challenge to procedure, but rather a claim that the agency was negligent in the determination of Ms. Marks's benefits. *Id.*

The court in *Marks* then stated that "[p]laintiffs cannot clothe their frustration with the SSA's decision in their case in the guise of a collateral claim." *Id.*  Thus, the court

---

[4] The Fourth Circuit opinion in this case was unpublished, however, it is reported in full at 1996 U.S. App. LEXIS 19767 (4th Cir. Aug. 6, 1996).  The case was affirmed with respect to the proposition for which it is cited in this case and was remanded on a different issue.  Ultimately the action was dismissed on remand. *Marks v. United States Soc. Sec. Admin.*, 963 F. Supp. 517 (E.D. Va. 1997).

[5] The named plaintiffs in *Marks* were Brenda Marks (the claimant), her husband and their son. 906 F. Supp. at 1020.

9

rejected waiver of the exhaustion requirement. Plaintiff's claim in this case is almost identical to the claim of the Marks family. Basically, plaintiff is alleging that the error in calculating his benefits was negligence by the agency that ultimately cost him and his family financial and emotional losses that cannot be compensated by simply correcting the benefit calculation and remitting the underpaid amount. Based upon the rationale in *Marks*, plaintiff would not be entitled to obtain a waiver of the exhaustion requirement and the court would have to dismiss his action for failure to exhaust.

However, even if the court were to find that plaintiff's claim is collateral to the claim for benefits and that appeal to the Appeals Council would have been futile so that the court could excuse the exhaustion requirement, this finding would ***not help*** plaintiff. The reason that exhaustion would be futile is that there is ***no basis under the Social Security Act for the award of damages that plaintiff requests***. *Marks*, 906 F. Supp. at 1022. The Social Security Act contemplates jurisdiction by the federal courts over challenges to the Commissioner's final decision. 42 U.S.C. § 405(g).

By asking for damages, plaintiff in this case is not challenging a decision by the Commissioner. Instead, plaintiff is asking for damages that allegedly resulted from an error in the agency's decision. ***Section 405(g) does not afford a cause of action for the damages that plaintiff seeks***. *See Ostroff v. State of Fla. Dep't of Health and Rehab. Services*, 554 F. Supp. 347, 351-52 (M.D. Fla. 1983). The plaintiff in *Ostroff* was also attempting to bring the same type of lawsuit as plaintiff in this case, requesting

compensatory and punitive damages after his erroneously denied benefits were restored. *Id.* The plaintiff in *Ostroff* sued the State agency, rather than suing the Federal agency, and the court found no jurisdiction for the suit, whether against the State agency or whether it had been filed against the Social Security Administration, since the State agency was merely acting on behalf of the Federal agency. *Id.* at 352-53. The court found that any claim against the Social Security Administration would be barred by 42 U.S.C. § 405(h).

Thus, the ALJ in this case was correct that he had no jurisdiction to decide plaintiff's claim for compensatory and punitive damages. If the court finds that plaintiff's claim is not collateral to his claim for benefits, the case may be dismissed for failure to exhaust, and even if the court were to find that the claim is collateral, the claim must still be dismissed because there is no jurisdiction under section 405(g).

**B.** *Bivens*

Plaintiff asks that the court "reconsider" jurisdiction under *Bivens*. As stated above, pursuant to *Bivens*, a plaintiff may bring cause of action for damages against ***federal officers*** who violate a citizen's ***constitutional*** rights. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001)(discussing the origin of *Bivens* claims). The authority for the court to imply a constitutional tort was not authorized by statute, but by the court's general jurisdiction to decide all cases arising under the Constitution or laws of the United States. *Id.* (citing 28 U.S.C. § 1331; *Schweiker v. Chilicky*, 487 U.S. 412, 420-21 (1988);

11

*Bush v. Lucas*, 462 U.S. 367, 373-74 (1983)). A *Bivens* claim is brought against an officer "individually", not against the agency or against the United States. *See Carlson v. Green*, 446 U.S. 14, 21 (1980)(*Bivens* remedy is recoverable against individuals).

In *Schweiker v. Chilicky*, the Supreme Court specifically declined to extend the *Bivens* remedy to cases such as the plaintiff's in this case, even though the denial of benefits initially was due to alleged constitutional violations by the agency.[6] The Supreme Court specifically stated that it *agreed* that suffering months of delay in receiving the income that the claimant had depended upon for the necessities of life could not be fully remedied by the "belated restoration of back benefits." However, the court found that Congress had addressed the problem, and had created a balance and made the "inevitable compromise" in failing to provide for a further remedy. 487 U.S. at 428-29. The Court, thus, declined to extend a *Bivens* remedy to situations such as those suffered by plaintiff in this case. This court has no power to change the Supreme Court's decision.

**C. Federal Tort Claim**

Judge Scullin has already considered and rejected the possibility of jurisdiction under the Federal Tort Claims Act in plaintiff's related action. In *Langella v. Bush*, 306 F. Supp. 2d 459, 464 (S.D.N.Y. 2004), the court specifically held that a plaintiff may not bring claims against the Commissioner of Social Security under the Federal Tort Claims

---

[6] The court would point out that this plaintiff has not alleged a constitutional violation. This failure would also foreclose the use of *Bivens* since for liability under *Bivens* a **federal constitutional violation is required.**

12

Act "because negligent mishandling of social security benefits is not cognizable under this statute." Thus, plaintiff in this case may not bring an action against the United States under the Federal Tort Claims Act.

### D. Americans With Disabilities Act

In his efforts to suggest a jurisdictional basis for this action, plaintiff proposes the possibility of a claim under the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* The purpose of the ADA is to prevent discrimination in employment and public accommodations and service because of one's disability. Discrimination implies that defendant treats disabled individuals differently than non-disabled individuals. This case is purportedly a claim for damages based on the erroneous handling of disability benefits. Plaintiff is not claiming that non-disabled individuals were treated differently than he was. There is clearly no jurisdiction under the ADA for the claim that plaintiff is attempting to bring.

### E. 42 U.S.C. § 1983

Finally, plaintiff suggests jurisdiction under section 1983. It is clear from the statute that in order for liability to be assessed under this section the defendant must be an individual acting "under color of state law." Clearly, the Commissioner of Social Security is a *federal official* and thus may not be sued under section 1983.

**WHEREFORE,** based on the findings above, it is

**RECOMMENDED,** that defendant's motion to dismiss (Dkt. No. 15) be

**GRANTED**, and the complaint **DISMISSED IN ITS ENTIRETY.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: December 30, 2004

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge