UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CALLY GRECO,

                **Plaintiff,**

       v.                                      **5:04-CV-141**
                                                                  **(FJS/GJD)**

COMISSIONER OF SOCIAL
SECURITY,

                **Defendant.**
_____

**APPEARANCES**                                                     **OF COUNSEL**

**CALLY GRECO**
Syracuse, New York 13220
Plaintiff *pro se*

**OFFICE OF THE UNITED**                             **WILLIAM H. PEASE, AUSA**
**STATES ATTORNEY**
100 South Clinton Street
Syracuse, New York 13261-7198
Attorneys for Defendant

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff brought this action against Defendant in an attempt to collect damages in conjunction with an error that the Social Security Administration made in the calculation of his Social Security benefits. Plaintiff originally brought this action pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). In *Bivens*, the Supreme Court, for the first time, recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights. *See Corr. Servs. Corp. v. Malesko*,

534 U.S. 61, 66-67 (2001) (discussing the origin of *Bivens* claims).

Since it was unclear whether Plaintiff was seeking only damages against Defendant or whether he was seeking review of a specific agency decision, the Court issued an Order on March 12, 2004, directing Plaintiff to demonstrate that he had exhausted his administrative remedies prior to bringing this action. *See* Dkt. No. 4. Plaintiff responded to the Court's Order by submitting another document entitled "Amended Complaint." *See* Dkt. No. 5. Although not really an amended complaint, this document noted that Plaintiff had sought review of his claim by an Administrative Law Judge ("ALJ"). The ALJ's decision was attached to Plaintiff's document. *See id.* Since it appeared from this document that Plaintiff had brought his claim for damages before an ALJ, the Court construed this action as one challenging the final decision of the Commissioner. Therefore, by Order dated May 4, 2004, this Court allowed this case to proceed as an action under 42 U.S.C. § 405(g). *See* Dkt. No. 8. In the same Order the Court dismissed all existing Defendants, substituted the Commissioner of Social Security as the only Defendant in the action, ordered service of the original complaint on that Defendant, and ordered the Clerk of the Court to serve a copy of General Order 18 on all parties. *See id.*

On October 4, 2004, Defendant filed a motion, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's claim for lack of subject matter jurisdiction. Plaintiff filed his response on October 28, 2004. Magistrate Judge DiBianco reviewed the parties' papers and issued his Report-Recommendation on December 30, 2004. In that Report-Recommendation, Magistrate Judge DiBianco recommended that the Court find that it did not have subject matter jurisdiction over Plaintiff's claim because Plaintiff had failed (1) to exhaust his administrative remedies pursuant to 42 U.S.C. § 405(g); (2) to establish subject matter

jurisdiction under *Bivens*; (3) to establish subject matter jurisdiction under the Federal Tort Claims Act; (4) to establish subject matter jurisdiction under the Americans with Disabilities Act; and (5) to establish subject matter jurisdiction under § 1983. Currently before the Court are Plaintiff's objections to those recommendations.

## II.  DISCUSSION

### A.  Standard of review

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, "a decision by a Magistrate Judge on a dispositive matter shall be reviewed *de novo* by the District Court if any objections to the decision are submitted." *McMillian v. Hutchings*, No. 89 Civ. 6955, 1992 WL 75127, *1 (S.D.N.Y. Mar. 20, 1992). "However, if no objections are filed, the District Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (citation omitted).

When reviewing a motion to dismiss a claim for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, "the Court is not confined to the four corners of the Complaint . . . ." *Eastern Paralyzed Veterans Ass'n, Inc. v. Lazarus-Burman Assocs.*, 133 F. Supp. 2d 203, 208 (E.D.N.Y. 2001) (citation omitted); *see also Moore v. PaineWebber, Inc.*, 189 F.3d 165, 169 n.3 (2d Cir. 1999) (citation omitted). When reviewing such a motion, "the court must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997) (citations omitted). Moreover, "[t]he court may not dismiss a complaint unless 'it appears beyond doubt, even when the

complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief.'" *Id.* (quoting *Hoover v. Ronwin,* 466 U.S. 558, 587, 104 S. Ct. 1989, 2005, 80 L. Ed. 2d 590 (1984) (Stevens, J., dissenting)) (other citation omitted).

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier,* 211 F.3d 697, 700 (2d Cir. 2000).  "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*.  If subject matter jurisdiction is lacking, the action must be dismissed." *Id.* at 700-01 (citations omitted).

**B.  The Americans with Disabilities Act**

Plaintiff's first objection asserts that, contrary to Magistrate Judge DiBianco's findings, he has pled sufficient facts to establish a claim under the Americans with Disabilities Act ("ADA").

Title II of the ADA provides, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  To establish a violation of Title II of the ADA, a plaintiff must show (1) that he is a qualified individual with a disability; (2) that he was either excluded from or denied participation in some public entity's services, programs, or activities or that a public entity otherwise discriminated against him; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability.  *See* 42 U.S.C. § 12132; *Civic Ass'n of Deaf of N.Y. City, Inc. v. Giuliani,* 915 F. Supp. 622, 634 (S.D.N.Y. 1996)

(citation omitted).

In his Report-Recommendation, Magistrate Judge DiBianco recommended that the Court find that no subject matter jurisdiction exists as to Plaintiff's ADA claim because his claim is one for damages based upon the erroneous handling of disability benefits and not one based upon an allegation that the Commissioner of Social Security treated non-disabled individuals differently than she treated him. *See* Dkt. No. 18 at 13.

Plaintiff argues that in his Amended Complaint he implies that Defendant treated him differently than non-disabled individuals. *See* Plaintiff's Objections to Report-Recommendation, dated January 10, 2005 ("Objections"), at 1. Specifically, Plaintiff asserts that "[w]hen a non-disabled person requests something from Social Security it is sent to them or they are told where to obtain the information or who they should contact," while Defendant did not provide him, a disabled individual, with information he requested regarding his benefits. *See id.*

After reviewing Plaintiff's Original and "Amended" Complaint, the Court finds that, even when liberally construed, Plaintiff has not alleged an ADA claim either explicitly or implicitly. Accordingly, the Court adopts Magistrate Judge DiBianco's recommendation and finds that Plaintiff's purported ADA claim is insufficient to establish subject matter jurisdiction.

C. **Magistrate Judge DiBianco's application of *Bivens***

Plaintiff next objects to Magistrate Judge DiBianco's application of *Bivens* to his claims. Specifically, Plaintiff attempts to identify two individuals who allegedly handled his Social Security claim and contends that Magistrate Judge DiBianco's Report-Recommendation is "enforcing Bivens in a discriminatory manner." *See id.*, at 2.

In his Report-Recommendation, Magistrate Judge DiBianco declined to find subject matter jurisdiction under *Bivens* because (1) Plaintiff brought his cause of action against the Social Security Administration and not individual officers; (2) Plaintiff failed to allege a constitutional violation of his rights; and (3) *Schweiker v. Chilicky* declined to extend a *Bivens* remedy to situations such as those that Plaintiff suffered. *See* Report-Recommendation at 11-12.

As stated earlier, *Bivens* allows a plaintiff to bring a cause of action for damages against federal officers who violate a citizen's constitutional rights. *See Malesko,* 534 U.S. at 66. However, Plaintiff must assert a *Bivens* claim against an officer individually, not against the agency itself or the United States. *See Carlson v. Green,* 446 U.S. 14, 21 (1980) (citations and footnote omitted).

Although Plaintiff identifies two individuals in his Objections, this is not sufficient for him to proceed under *Bivens*. Plaintiff has to file an action against those individuals. *See id.* In this case, Plaintiff has brought an action solely against the Commissioner of Social Security and has presented no evidence that the Commissioner violated his constitutional rights or, for that matter, was even involved in the handling of his Social Security benefits. Moreover, even if Plaintiff had brought an action against the two individuals whom he identifies in his Objections, he has not alleged any violation of his constitutional rights.

Finally, it is clear that the courts have not extended the *Bivens* remedy to encompass Plaintiff's situation. In *Schweiker v. Chilicky*, the plaintiffs were collecting disability benefits under Title II of the Social Security Act. 487 U.S. 412, 417 (1988). At some point in time, their benefits were terminated. *See id.* However, after appealing the termination of their benefits through the administrative process, the plaintiffs were restored to disabled status and were

awarded full retroactive benefits.  *See id.*  All of the plaintiffs had been wholly dependent on their disability benefits and brought an action, pursuant to *Bivens*, alleging that "they were unable to maintain themselves or their families in even a minimally adequate fashion . . . ."  *Id.* at 418 (citation omitted).  The Supreme Court ultimately rejected the plaintiffs' claim and specifically declined to extend a *Bivens* remedy to their situation.  *See id.* at 428-29.

Plaintiff's present claim is very similar to the claim of the *Schweiker* plaintiffs.  Plaintiff alleges that the Social Security Administration made a mistake when it calculated his benefits.  Due to this miscalculation, Plaintiff received less money each month for his disability.  Upon discovering its miscalculation, the Social Security Administration corrected the deficiency and compensated Plaintiff for the past deficiencies.  Therefore, even if the Court were to find that a constitutional violation existed, *Schweiker* forecloses Plaintiff from recovering under *Bivens*.  Accordingly, the Court adopts Magistrate Judge DiBianco's recommendation and finds that Plaintiff's reliance on *Bivens* is misplaced and is insufficient to establish subject matter jurisdiction.

**D.    The remainder of Magistrate Judge DiBianco's Report and Recommendations**

Since Plaintiff did not object to the other portions of Magistrate Judge DiBianco's Report-Recommendation and, because the Court's review of those recommendations reveals that they are not clearly erroneous, the Court adopts his recommendation that the Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction because Plaintiff has failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 405(g) and has failed to establish subject matter jurisdiction under either the Federal Tort Claims Act or § 1983.  Accordingly, the Court

adopts Magistrate Judge DiBianco's Report-Recommendation in its entirety and dismisses Plaintiff's action.

### III.  CONCLUSION

After carefully considering the file in this matter, Magistrate Judge DiBianco's December 30, 2004 Report-Recommendation, Plaintiff's objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, is **GRANTED IN ITS ENTIRETY**; and the Court further

**ORDERS** that the Clerk of the Court enter judgment dismissing this case for lack of subject matter jurisdiction and close this case.

**IT IS SO ORDERED.**

Dated: June 8, 2005
       Syracuse, New York

_[signature]_
Frederick J. Scullin, Jr.
Chief United States District Court Judge